# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL 10-651-01 |
| JEFFERY COPEMAN | : | |

## GOVERNMENT'S CHANGE OF PLEA MEMORANDUM

The United States of America, by and through its attorneys, Zane David Memeger, United States Attorney for the Eastern District of Pennsylvania, and Roberta Benjamin, Assistant United States Attorney, respectfully submits this memorandum regarding Jeffery Copeman's entry of a plea of guilty to Count One of an Information, charging him with possession of child pornography, in violation of Title 18, United States Code, Section 2252(a)(4)(B), in the above-mentioned case.

I. INTRODUCTION

On September 30, 2010, the United States Attorney for the Eastern District of Pennsylvania filed a one count information charging Jeffery Copeman ("the defendant") with one count of possession of child pornography, in violation of Title 18, United States Code, Section 2252(a)(4)(B). A Notice of Forfeiture was also included in the information.

II.  TERMS OF THE PLEA AGREEMENT

The defendant has entered into a plea agreement with the government, subject to approval by this Court. A true and correct copy of this agreement is attached hereto, marked as Exhibit "A".

III.  ESSENTIAL ELEMENTS OF THE OFFENSE

POSSESSION OF CHILD PORNOGRAPHY- ELEMENTS OF OFFENSE:

A. Count One.
Count One of the information charges the defendant with a violation of Title 18, United States Code, Section 2252(a)(4). The elements of the offense, which the government must prove beyond a reasonable doubt, are:

POSSESSION (Count One), 18 U.S.C. § 2252(a)(4)(B):
1. that the defendant knowingly possessed one or more books, magazines, periodicals, films, videotapes, or other matter which contain a visual depiction;

2. that the visual depiction had been mailed, shipped or transported in interstate commerce by any means, including by computer, or which was produced using materials which have been mailed, shipped or transported in interstate commerce;

3. that the production of such visual depiction involved the use of a minor engaging in sexually explicit conduct; and

4. that the visual depiction was of such conduct.

IV.  FACTUAL BASIS FOR THE PLEA

If this matter were to proceed to trial, the government would present the following evidence through the testimony of law enforcement officials, including a forensic computer expert, and media evidence contained on the hard drives of various computers:

The U.S. Immigration and Customs Enforcement (ICE) in Newark, New Jersey had identified several subscribers to child pornography websites, through an undercover investigation entitled Operation Thin Ice. Philadelphia ICE had received information that a Jeffrey Copeman (the defendant) had been a subscriber of child pornography. In particular, ICE agents had obtained a log file, via search warrants, which were executed on Hivelocity. The log files revealed that on or about May 26, 2008, a child pornography website was accessed from the IP address 216.15.82.232, registered to 554 Tobias Drive, Hellertown, PA, 18055. The log files also revealed that the email address, lenardgeek@hotmail.com had been used to access numerous images and videos of child pornography through the CP website. This email address is registered to Copeman at 554 Tobias Drive in Hellertown, PA.

Based on this information, ICE, Philadelphia, conducted a "knock and talk" inquiry at the defendant's home at 554 Tobias Drive, Hellertown, PA, 18055. The defendant agreed to permit the ICE agents to seize and search numerous computer hard drives and media storage. ICE Forensics Examiner Douglas Green conducted a review of these hard drived/eletronic media and determined that there were over 500 images and videos of child pornography on the storage devices. In reviewing some of the DVDs which contained CP, the case agent, Kelly Richards, observed at least ten videos depicting pre-pubescent CP. These images also contained depictions of sexual intercourse.

VI.     <u>MAXIMUM PENALTIES</u>

A.     **Statutory maximum sentence**

The defendant can receive a maximum of ten years of imprisonment, a mandatory minimum period of five years supervised release up to lifetime supervised release, a $250,000 fine, and a $100 special assessment.

NOTE: If the defendant violates supervised release by committing one or more specified child exploitation offenses, the court will revoke supervised release and require the defendant to serve an additional term of imprisonment of at least 5 years (18 U.S.C. § 3583(k)).

        Respectfully submitted,
        ZANE DAVID MEMEGER
        United States Attorney

        _____
        ROBERTA BENJAMIN
        Assistant United States Attorney

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Government's Change of Plea Memorandum has been served upon the following by electronic mail on this date:

        Michael Ira Stump, Esq.
        Attorney at Law
        119 East Main Street
        Macungie, PA 18062
        michael stump [macungielaw@yahoo.com]

        _____
        ROBERTA BENJAMIN
        Assistant United States Attorney

Dated:_____